# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| NEAL ALLEN PANSCHOW,<br><br>    Plaintiff,<br><br>  v.<br><br>JUAN MURILLO, et al.,<br><br>    Defendants. | Case No. 5:19-cv-02446-DSF-AFM<br><br>**ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION** |

    Plaintiff, a federal prisoner who is presently being held at the Portland, Oregon Halfway House, filed this *pro se* civil rights action on December 19, 2019, and he appears to wish to proceed *in forma pauperis* ("IFP"). Plaintiff neither paid the required filing fee nor filed a Request to Proceed IFP. Plaintiff has been ordered to either pay the full filing fee or request to proceed IFP, but plaintiff has taken neither action to date. In the Complaint, plaintiff names as defendants Federal Bureau of Prisons ("BOP") Guard Murillo and BOP Correctional Counselor Gaston. (ECF No. 1 at 3.) Plaintiff's claims arise from an incident that allegedly occurred while plaintiff was being held at the Federal Correctional Institution in Victorville, California ("FCI"). Plaintiff alleges that he left personal property with defendant Murillo to be inventoried when plaintiff was moved to a Special Housing Unit, and the property

was lost on June 24, 2018. (*Id.* at 3-4.) Plaintiff seeks reimbursement for his lost property, which plaintiff values at less than $900. (*Id.* at 4, 7.)

The Court has screened the pleading to determine whether it is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) pertains to any civil action by a litigant who is seeking to proceed *in forma pauperis*. *See, e.g., Shirley v. Univ. of Idaho*, 800 F.3d 1193, 1194 (9th Cir. 2015). Because plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). In screening the Complaint to determine whether plaintiff's pleading states a claim on which relief may be granted, the Court "discount[s] conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (in determining whether a complaint should be dismissed under 28 U.S.C. §1915(e)(2)(B), courts apply the standard of Fed. R. Civ. P. 12(b)(6)).

Federal courts are courts of limited jurisdiction and have subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's duty to examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may dismiss a case summarily if there is an obvious jurisdictional issue. *See Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003). "Absent a substantial federal question," a district court lacks subject matter jurisdiction, and claims that are "wholly insubstantial" or "obviously frivolous" are insufficient to "raise a substantial federal question for jurisdictional purposes." *Shapiro v. McManus*, 136 S. Ct. 450, 455-56 (2015). A "plaintiff bears the burden of proving" the existence of subject matter jurisdiction

and "must allege facts, not mere legal conclusions" to support the court's jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

In Claim 1, plaintiff alleges that defendant Murillo stole or lost plaintiff's property. Plaintiff's tort claim "has been active since August 15, 2018," although it is the BOP's policy to finalize decisions in six months. (ECF No. 1 at 4.) In Claim 2, plaintiff alleges that defendant Gaston refused to respond to plaintiff's questions about his property and failed to investigate the lost property. (*Id.* at 5.) Plaintiff alleges that these actions violated his due process rights. (*Id.*) In Claim 3, plaintiff alleges that "staff" at Victorville did not address plaintiff's concerns regarding his lost property or attempt to find his property. (*Id.* at 6-7.) Plaintiff seeks only reimbursement for property that he alleges was lost or destroyed by BOP officers. As set forth below, to the extent that plaintiff is attempting to allege any claim arising under federal law, such claims lack an arguable basis in either fact or law, and there is no federal subject matter jurisdiction. *See Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff's factual allegations appear to give rise to a tort claim alleging the destruction of his property by defendant Murillo, although it is unclear if plaintiff is purporting to state a claim under the Federal Tort Claims Act ("FTCA"). "The FTCA allows parties to pursue certain claims against the United States in federal court for injury arising out of the negligent or wrongful conduct of any federal employee acting within the scope of the employee's employment." *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1120 (9th Cir. 2019). To the extent that plaintiff is intending to raise an FTCA claim, the only proper party defendant in an FTCA action is the United States. *See Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998). Plaintiff does not name the United States or the BOP as a defendant in this action. However, even if plaintiff had named the proper defendant, a federal prisoner may not bring a claim under the FTCA against the BOP for lost or damaged personal property. This Court does not have subject matter jurisdiction over claims arising

from the detention of personal property by federal prison officers. *See* 28 U.S.C. § 2680(c); *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 216, 228 (2008) (holding that the 28 U.S.C. § 2680(c) exception applies to all law enforcement officers, including BOP officers); *Bramwell v. U.S. Bureau of Prisons*, 348 F.3d 804, 806-08 (9th Cir. 2003); *see also DaVinci Aircraft, Inc.*, 926 F.3d at 1123 (if plaintiff's tort claim falls within an exception to the FTCA, then a "district court lacks subject matter jurisdiction").

To the extent that plaintiff purports to raise a federal civil rights claim arising from the failure of prison officials to follow the procedures of the BOP's grievance policy or to grant plaintiff's grievance, such allegations fail to give rise to a civil rights claim. A prisoner does not have a constitutional interest in an effective grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners lack a "separate constitutional entitlement to a specific prison grievance procedure"); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (an inmate has "no legitimate claim of entitlement to a grievance procedure"); *see also Larkin v. Watts*, 300 Fed. Appx. 501, 502 (9th Cir. Nov. 12, 2008) (federal prisoner's claim that BOP officials improperly processed his administrative complaints or grievances arising from lost property does not give rise to a cognizable constitutional claim (citing *Ramirez*) (now citable for its persuasive value pursuant to Ninth Circuit Rule 36-3).

In addition, if plaintiff is attempting to raise a due process claim pursuant to the Fifth Amendment against prison officials at FCI arising from the loss of his personal property, his allegations do not give rise to a cognizable constitutional claim pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), because plaintiff has "an adequate post-deprivation remedy for the loss or deprivation of his property." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Raditch v. United States*, 929 F.2d 478, 480-81 (9th Cir. 1991) (applying *Hudson*'s analysis of a due process claim under the Fourteenth Amendment to claims under the Fifth Amendment against federal actors, noting that an "intentional deprivation of a

property right by a government official, in violation of established procedures, is a random and unauthorized act that cannot be prevented by pre-deprivation process"); *Larkin*, 300 Fed. Appx. at 502 (citing *Hudson* in finding no cognizable claim for property deprivation under *Bivens*). An adequate post-deprivation remedy for federal prisoners exists in the form of the BOP's administrative remedy program. *See, e.g., Douglas v. BOP Dir.*, 2019 WL 6170734, 2019 U.S. Dist. Lexis 201629, at *6 (C.D. Cal. Nov. 20, 2019).

Moreover, to the extent plaintiff purports to assert any other *Bivens* claim[1] pursuant to the Fifth Amendment, the Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Abbasi*, 137 S. Ct. at 1857 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)); *see also Jesner v. Arab Bank, PLC*, 138 S. Ct. 1386, 1402 (2018) (noting the "[Supreme] Court's general reluctance to extend judicially created private rights of action," citing *Abbasi*). In deciding whether to find an implied cause of action, the Court first must determine if this "case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court." *Abbasi*, 137 S. Ct. at 1859. If a case presents a new context for a *Bivens* action, then a damages remedy may only be extended (1) if the plaintiff has no "other adequate alternative remedy" and (2) there are no "special factors" that would cause the court to believe that Congress rather than the courts should authorize a suit for money damages. *See Rodriguez v. Swartz*, 899 F.3d 719, 738 (9th Cir. 2018) (*petition for cert. filed*, Sept. 7, 2018). As the Ninth Circuit recently noted, "neither the Supreme Court nor [the Ninth Circuit] have expanded *Bivens*" in the context of a "prisoner's Fifth Amendment procedural due process claims arising out of a prison disciplinary process." *Vega*, 881 F.3d at 1152-54 (noting that the Supreme

---

[1] A *Bivens* claim is an "implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018); *see also Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55, 1869 (2017) (explaining that *Bivens* provides an implied cause of action for money damages against individual federal officials for certain constitutional violations similar to 42 U.S.C. § 1983).

5

Court has only provided a *Bivens* remedy under the Fifth Amendment for gender discrimination); *see also Schwarz v. Meinberg*, 761 Fed. Appx. 732, 734-75 (9th Cir. Feb. 13, 2019) (noting that the Ninth Circuit recently held that a Fifth Amendment procedural due process claim presented a new *Bivens* context, and declining to extend *Bivens* to a prisoner's claim that the BOP "unlawfully denied his request for a camp placement") (now citable for its persuasive value pursuant to Ninth Circuit Rule 36-3); *Buenrostro v. Fajardo*, 2017 WL 6033469, at *3 (E.D. Cal. Dec. 5, 2017) (declining to find an implied *Bivens* cause of action for a Fifth Amendment due process claim arising from an alleged failure of prison officials to provide due process). Accordingly, any Fifth Amendment due process claim by plaintiff lacks an arguable basis in law because it would require a disfavored extension of *Bivens*.

For these reasons, plaintiff's allegations lack an arguable basis in fact or law for a federal claim against any named defendant, and the Court therefore lacks subject matter jurisdiction over the claims raised by plaintiff in this action.

**IT THEREFORE IS ORDERED** that the Complaint in this action is dismissed without prejudice.

DATED: January 17, 2020

_____
DALE S. FISCHER
UNITED STATES DISTRICT JUDGE